MICHIGAN COUNCIL 25, AFSCME v COUNTY OF WAYNE

Docket No. 76086. Submitted August 16, 1984, at Detroit.—Decided December 12, 1984.

Petitioners, Michigan Council 25, AFSCME, and several of its affiliate locals, and respondent Wayne County were parties to a collective-bargaining agreement that expired on June 20, 1982. The agreement provided for quarterly cost-of-living allowance adjustments. Prior to the expiration of the contract, Wayne County agreed to pay quarterly COLA benefits through February of 1983. Petitioners filed an unfair labor practices charge against the county, its board of commissioners, and others in May of 1983. A hearing referee held that respondents were not required to continue paying COLA benefits. The Employment Relations Commission rejected the hearing referee's decision, holding that the parties, by their consistent past practice, established the payment of COLA benefits as a condition of employment and ordered respondents to continue payment. Respondents appealed.

Any matter that has a significant impact on wages, hours, or other conditions of employment or which settles an aspect of the employer-employee relationship is a mandatory subject of bargaining pursuant to the public employment relations act. The commission properly applied this standard to factual findings supported by competent, substantial evidence on the record.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYEES — MANDATORY SUBJECTS OF BARGAINING — UNFAIR LABOR PRACTICES — UNILATERAL ACTION.

Wages, hours, and other terms and conditions of employment established by a contract between a public employer and its

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 998, 1000, 1001.

48A Am Jur 2d, Labor and Labor Relations § 1770.

What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

employees which are "mandatory subjects" of bargaining survive the expiration of the contract by operation of law during the bargaining process regarding a new contract; the public employer has a continuing obligation during the bargaining process on the new contract to apply those wages, hours, and other terms and conditions of employment so designated as mandatory subjects of bargaining until such time as an impasse is reached in the bargaining process; neither party may take unilateral action on a mandatory subject of bargaining absent an impasse in negotiations; an employer taking such unilateral action prior to an impasse in negotiations has committed an unfair labor practice (MCL 423.210[1][e], 423.215; MSA 17.455[10][e], 17.455[15]).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — MANDATORY SUBJECTS OF BARGAINING.

Any matter that has a significant impact on wages, hours, or other conditions of employment or which settles an aspect of the employer-employee relationship is a mandatory subject of bargaining pursuant to the public employment relations act (MCL 423.215; MSA 17.455[15]).

*Maurer, Kalls & Webb* (by *George M. Maurer, Jr.)*, for petitioner.

*John D. O'Hair,* Corporation Counsel, and *N. McKinley Tounsel,* Assistant Corporation Counsel, for respondent.

Before: T. M. BURNS, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Respondents appeal as of right from a finding by the Michigan Employment Relations Commission that they had engaged in unfair labor practices by unilaterally ceasing payment of cost-of-living allowances (COLA) during negotiations for a new collective-bargaining agreement. We affirm.

Petitioners filed this unfair labor petition with

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

the commission when respondents refused to continue paying COLA benefits sometime after the expiration on June 30, 1982, of the parties' collective-bargaining agreement. The agreement, effective from July 1, 1980, contained a COLA provision comparable to COLA provisions contained in predecessor agreements dating back to 1968. The COLA was paid by a quarterly check separate from regular paychecks and was calculated on an hourly basis according to changes in the Official Detroit Consumer Price Index. In previous negotiations, the parties had agreed to "roll in" part of the accrued COLA, *i.e.,* add it to the base pay of each individual employee. The amount rolled in was then deducted from the quarterly payments. In May of 1982, just before expiration of the collective-bargaining agreement, the accrued COLA payment, after the deduction, was $1.86 per hour.

Following several communications between the parties, respondents agreed to pay quarterly COLA benefits through February of 1983. This petition was filed in May of 1983. The hearing referee held that the respondent was not required to continue COLA benefits because such benefits did not constitute wages or any other mandatory subject of bargaining. The hearing referee particularly relied upon the language of the collective-bargaining agreement obligating respondents to pay COLA benefits only "during the term of this agreement".

On petitioners' appeal, the commission rejected the hearing referee's analysis and instead framed the critical inquiry in this and in future COLA cases to be "whether the evidence supports a determination that the COLA payment is an established condition of employment". After considering the evidence introduced at the hearing in this case, the commission concluded that the parties,

"by their consistent practice over an extended period of time, have established the payment of the accrued COLA as a condition of employment".

We hold that the commission applied the correct legal standard to factual findings which are supported by competent, material and substantial evidence on the whole record and we affirm. Const 1963, art 6, § 28; MCL 423.23(2)(e); MSA 17.454(25)(2)(e); *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 121; 223 NW2d 283 (1974). We rely for primary authority upon a recent decision of this Court reviewing the same legal question. In *Local 1467, International Association of Firefighters, AFL-CIO v City of Portage,* 134 Mich App 466; 352 NW2d 284 (1984), we held that, where COLA benefits are periodic, established by a formula and significantly impact the employee, those benefits will be considered "wages, hours and other terms and conditions of employment" within the meaning of MCL 423.215; MSA 17.455(15). Accordingly, a public employer engages in unfair labor practices as a matter of law by terminating COLA benefits upon the expiration of a collective-bargaining agreement prior to the parties reaching an impasse. *Portage,* p 473. We note that in formulating the appropriate legal standard for the commission's treatment of COLA cases, this Court in *Portage* cited the commission's decision in the instant case.

Respondents' request for prospective application of the legal standard announced in *Portage* and in the commission's decision in this case is unfounded inasmuch as these cases do not announce a new rule of law. *Gussler v Fairview Tubular Products,* 412 Mich 270, 298; 315 NW2d 388 (1981).

Affirmed.